COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JAVIER LOPEZ, | | No. 08-09-00326-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 409th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20090D01435) |
| | § | |
| | § | |

**O P I N I O N**

This is an appeal from a conviction for the offense of robbery. Appellant waived jury trial pursuant to a plea bargain agreement, and the trial court sentenced him to 10 years' confinement. On appeal, Appellant raises as his sole issue that the court erred in denying a motion to withdraw counsel filed by his attorney.

Appellant was indictment for the offense of robbery on March 19, 2009. On April 24, 2009, the trial court appointed Ms. Shalena Cook Jones as Appellant's attorney. On May 27, 2009, Ms. Jones filed a motion to withdraw, and then the court appointed Mr. Stuart Leeds to represent Appellant. On May 29, 2009, Appellant filed a *pro se* motion for withdrawal of counsel and appointment of new counsel. On July 28, 2009, Mr. Leeds filed a motion to withdraw, which the court granted by written order, and the court appointed Mr. Brandon Lettunich to represent Appellant. Mr. Lettunich filed several motions on Appellant's behalf. Then, Mr. Francisco Macias entered an appearance as Appellant's retained attorney on

October 5, 2009, but filed a motion to withdraw on October 16, 2009.[1]  On October 14, 2009 and

November 19, 2009, Mr. Lettunich filed motions to withdraw as Appellant's attorney.[2]  On

November 23, 2009, Appellant again filed a *pro se* motion for withdrawal of counsel and

appointment of new counsel.  The trial court signed an order denying Appellant's Motion for

Mandatory Withdrawal of Counsel and Appointment of New Counsel on November 23, 2009.

This order stated:

> On the 23 [sic] day of Nov, 2009, came on to be heard the Defendant's
> MOTION FOR MANDATORY WITHDRAWAL OF COUNSEL AND
> APPOINTMENT OF NEW COUNSEL, and the evidence and arguments of
> counsel having been heard by the Court, the Court is of the opinion that Said
> Motion should be GRANTED/DENIED [sic].
>
> It is therefore Ordered, Adjudged and Decreed that Defendant's MOTION
> FOR MANDATORY WITHDRAWAL OF COUNSEL AND APPOINTMENT
> OF NEW COUNSEL be hereby ~~GRANTED~~/DENIED.

Appellant's case was scheduled for jury trial on December 4, 2009.  On December 7,

2009, while represented by Mr. Lettunich, Appellant pled guilty to the instant robbery charge, the

charge of assault enhanced, and the charge of obstruction/retaliation pursuant to a plea bargain.[3]

Appellant waived jury trial as a result of the agreement.  On December 7, 2009, the trial court

sentenced him to ten years' confinement for the offense of robbery, which would run

concurrently with the other sentences.  Appellant subsequently filed his notice of appeal.

---

[1] The record does not affirmatively indicate an order from the trial court either granting or denying this motion by Mr. Macias.

[2] In his November 19 motion to withdraw, Mr. Lettunich claimed that he had good cause for withdrawal based on a material conflict of interest between him and Appellant.

[3] On December 2, 2009, Mr. Lettunich filed a motion to disqualify Judge Sam Medrano from the case.  Even though the record does not reveal an order was entered on that motion, Judge Christopher Antcliff presided over the remainder of Appellant's case.

In his sole issue, Appellant contends the trial court erred by denying Mr. Lettunich's motion to withdraw because there was a material conflict of interest and as a result, Mr. Lettunich was unable to zealously represent him. Appellant asserts that in this case, his trial counsel had indicated that he was unable to adequately represent Appellant, that the attorney filed a written motion to withdraw on November 19, 2009, that the trial court signed a written order denying that motion on November 23, 2009, and that Appellant maintained he had a right to appeal. Appellant claims the trial court erred by failing to hold a hearing and summarily denying Mr. Lettunich's motion to withdraw, which he purports "[forced him] to proceed with trial counsel who could not zealously represent Appellant without a material conflict of interest . . . ." When reviewing a trial judge's ruling on a motion to withdraw, we apply an abuse of discretion standard. *Green v. State*, 840 S.W.2d 394, 408 (Tex.Crim.App. 1992), *cert. denied*, 507 U.S. 1020, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993). We will not disturb the trial court's decision absent an abuse of discretion. *See id*. at 408-09.

To preserve a complaint for appellate review, a party must have raised the complaint to the trial court via a timely and specific objection, request, or motion which states the specific grounds for the desired ruling. TEX.R.APP.P. 33.1(a)(1). In addition, the trial court must rule on the objection, request, or motion, or the record must demonstrate the complaining party objected to the court's refusal to rule. TEX.R.APP.P. 33.1(a)(2). The appellant bears the burden to preserve error. *See* TEX.R.APP.P. 33.1(a).

Appellant argues on appeal that the trial court erred by denying Mr. Lettunich's motion to withdraw. However, our review of the record does not show a clear indication that this occurred. As the State asserted, Appellant himself filed a *pro se* motion to withdraw his attorney on

November 23, 2009, the same day the trial court denied the motion to withdraw by written order.[4]

Based on our review, the prepared order attached to Appellant's *pro se* motion appears to be the same one signed by the judge on that date. As such, we agree with the State that the record does not affirmatively establish the trial court denied Mr. Lettunich's motion to withdraw. Therefore, we conclude Appellant failed to comply with the rules of appellate procedure in showing that the trial court ruled on Mr. Lettunich's motion, and as such failed to preserve his complaint for our review. *See* TEX.R.APP.P. 33.1(a)(2). Accordingly, we overrule Appellant's sole issue and affirm the trial court's judgment.


June 30, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[4] The court's November 23 order did not specify which motion to withdraw it was denying.